Curia,
per Nott, J.
The only question in this case is, whether an action can be maintained in a court of law on a guardianship bond? This question has already been twice decided in this court. Guardians are trustees for their wards. The fidiciary character in which they act is *122 exhibited on the face of the bond. And the very object of a writ against a guardian is to ascertain whether he has faithfully discharged his trust. It is therefore clearly a case of Equity jurisdiction. Whenever the guardian has, accounted, or whether he has or not, as soon as any specific sum is ascertained to be due, an action may be brought on the bond for the purpose of recovering that amount. (a) It is contended that the order of the Chancellor directing the bond to be put in suit, gives jurisdiction to the court. But it is not in the power of the chancellor to transfer the jurisdiction of that court to a court of law. That order is supposed to have been made in pursuance of the provisions of the act of 1824. But that act does not confer any such authority. It enjoins it upon the chancellor as a duty, to require guardians and trustees to make accurate returns of the- disposition of the funds in their hands belonging to infants. It makes it the duty of the commissioners at every court, tp make a report of all guardians and trustees, who have neglected to make such returns. The act then proceeds “ to make it the duty” of such presiding judge,' (meaning the Chaneéllor,) to order proceedings immediately to-be taken before the Commissioner, for compelling such guardian or trustee to render a full account before the next sitting of such court, and make such further and other order as may be necessary to justice and to a correct and honest administration of the estate of minors and cestuique trusts, to discharge such guardian or trustee and appoint others, or to make such order as to him may seem meet, saving and reserving in all cases a right of appeal to the appeal court.— The act throughout couples guardians and trustees together as possessing the same character, but contemplates the *123 court of equity as possessing the sole and exclusive jurisdiction over them. It must be seen at first view, that the court of law is utterly incompetent to the duties requited by the act. The forms of proceeding will not au-thorise it. It is said the court may give judgment for the penalty. But that would only be layingthe foundation of a recurrence to the court of equity for relief. The legislature could never have intended that the court of equity should send the parties to a court of law to run the whole round of litigation incident to those courts for the purpose of bringing them back to the same court for relief.- For it is in that court alone that complete and adequate relief can be administered at last. Indeed if there is any part of the equity jurisdiction which is particularly valuable, it is that which the chancellor exercises in the cases of trustees, guardians, and minors. I am of opinion therefore that the decision of the judge below ought to be reversed, and that judgment be given for the plaintiff in demurrer.
Judgment reversed,

 See all the cases collected and reviewed jn Killingsworth vs. Wade and others, Columbia, May, 1829, on the Equity side of the court, and in the preceeding case in the text.